## EX PARTE E. C. OGDEN.

### No. 2405.   Decided March 5, 1902.

**1.—Pool-Selling on Horse-Races—City Ordinance.**

Where the city charter does not authorize the passage of a municipal ordinance inhibiting the selling of pools on horse-races, an ordinance to that effect is invalid.

**2.—Same.**

The Legislature having licensed the selling of pools on horse-races, it can not delegate authority to a municipal corporation to pass ordinances violative of that law.

From Jefferson County. Original application for discharge, under writ of habeas corpus, from arrest and prosecution for violating city ordinance against selling pools on horse-races.

*W. H. Pope* and *Watts, Chester & Ellison,* for relator.

*W. R. Blain, W. L. Douglass,* and *Smith, Crawford & Sonfield,* for respondent.

DAVIDSON, Presiding Judge.—This is an original application for the writ of habeas corpus. Briefly stated, the record shows that relator was charged by complaint with violating a city ordinance of the city of Beaumont; the offense stated being that he permitted the operation of a turf exchange, or selling pools on horse-races, in his place of business. The ordinance under which the case arose provided, in the first section, the punishment against parties who pursued the occupation of turf exchange or selling pools on horse-races. The second section denounced a punishment against any saloon keeper, owner, lessee, proprietor, manager, or person in charge of any saloon, or any owner, tenant, or lessee of any house where spirituous, vinous, or malt liquors are kept or sold, who shall permit any turf exchange, place for selling race pools, or place for exhibiting, reporting, publishing, or announcing such horses, or the progress and results of races, or place for staking money or other thing of value on the purported results of any horse-race, etc. The first section of this ordinance was held invalid in the recent case of Ex parte Powell, ante, page 391, because the charter of the city of Beaumont did not authorize such ordinance. The Legislature has licensed turf exchanges or the selling of pools on horse-races. It therefore can not delegate authority to a municipal corporation to create or pass ordinances violative of that law, either by repealing or suspending it. Angerhoffer v. State, 13 Texas Crim. App., 613; Flood v. State, 19 Texas Crim. App., 584; Bohmy v. State, 21 Texas Crim. App., 597; Ex parte Sundstrom, 25 Texas Crim. App., 153; Ex parte Coombs, 38 Texas Crim. Rep., 648; Const., Bill of Rights, art. 1, sec. 28. The second section of the ordinance is dependent upon the first, and, the first being invalid, there is no foundation for the second. The inhibition against the owners, lessees, etc., of saloons is based upon the theory that it is a violation of a valid city ordinance prohibiting turf exchanges; that is, it is a criminal offense against the city ordinance to be engaged in turf exchange or selling pools on horse-races. The second section of the ordinance, as created by the city council, would be equally violative of our statute. This ordinance simply makes it a violation of law to carry on a turf exchange or sell pools on horse-races in the places mentioned. It being a legitimate business,—one legalized by the State,—the city could not, even in this indirect manner, inhibit it. It will be noted that the ordinance in question was not one of regulation, but is one of inhibition. The relator is discharged.

*Discharged.*

HENDERSON, Judge.—I agree to the reversal of the case, because the charter does not authorize the inhibition of pool-selling on horse-races, and no power is given in the charter to regulate the place of such sale by location.