We therefore recommend that the questions be answered as above shown.

CURETON, C. J. The opinion of the Commission of Appeals answering the certified question is adopted and ordered certified.

BIELECKI et al. v. CITY OF PORT ARTHUR et al. (No. 975—5119.)

Commission of Appeals of Texas, Section B. Jan. 23, 1929.

Howth, Adams & Hart, of Beaumont, for plaintiffs in error.

J. W. O'Neal, City Atty., of Port Arthur, for defendants in error.

LEDDY, J. This was a suit brought in the district court of Jefferson county by Stanislow Bielecki and others, plaintiffs in error, against the city of Port Arthur, its mayor, chief of police, and judge of the corporation court. It was therein sought to enjoin the city and its officials from prosecuting plaintiffs in error under an ordinance duly enacted by the city council of said city.

A temporary injunction was granted by the trial court, but upon final hearing the court refused to restrain defendants in error from enforcing the ordinance against plaintiffs in error, and entered an order dissolving the temporary injunction. An appeal from this judgment resulted in an affirmance by the Court of Civil Appeals for the Ninth District.

The ordinance in question declared any building or structure used and maintained as a public dance hall to be a nuisance, if located within 150 feet of a private residence or residence occupied by a private family, regardless of whether such dance hall was so operated as to constitute it a nuisance in fact. Each day's operation of same was constituted a separate offense, and a heavy penalty affixed for its violation.

It was also provided in said ordinance that the judge of the corporation court, or any court to which a prosecution for a violation thereof might be removed, should ascertain if the nuisance continued to exist, and, if found to do so, should thereupon enter an order requiring the chief of police, or any public officer of the city, to abate such nuisance forthwith, and the court was authorized to render judgment against the owner for the expenses incurred in abating same.

The authority to enact such an ordinance is claimed to exist by reason of certain provisions of the city charter. We do not deem it necessary to set forth these provisions, for the reason that it was clearly beyond the power of the city to enact this ordinance, even if authority to do so should be expressly granted by the charter.

There is no statute in this state declaring public dance halls to be nuisances, nor were they such at common law. Wood on Nuisance, § 35; Village of Des Plaines v. Poyer, 123 Ill. 348, 14 N. E. 677, 5 Am. St.

Rep. 524; Whitcomb v. Vigeant, 240 Mass. 359, 134 N. E. 241, 19 A. L. R. 1439; Shreveport v. Leiderkrantz, 130 La. 802, 58 So. 578, 40 L. R. A. (N. S.) 75, 20 A. L. R. 1496.

A city cannot, by an arbitrary standard, declare that to be a nuisance which is not so in fact. Crossman v. City of Galveston, 112 Tex. 303, 247 S. W. 811, 26 A. L. R. 1210; Stockwell v. State, 110 Tex. 550, 221 S. W. 932, 12 A. L. R. 1116; Spann v. City of Dallas, 111 Tex. 350, 235 S. W. 513, 19 A. L. R. 1387.

Even the Legislature itself cannot, by mere legislative fiat, destroy a citizen's property by declaring the use of same to be a nuisance, regardless of whether existent facts constitute it such. Stockwell v. State, 110 Tex. 550, 221 S. W. 932, 12 A. L. R. 1116; Spann v. City of Dallas, 111 Tex. 350, 235 S. W. 513, 19 A. L. R. 1387; Lawton v. Steele, 152 U. S 133, 14 S. Ct. 499, 38 L. Ed. 385; 20 R. C. L. 486; Evansville v. Miller, 146 Ind. 613, 45 N. E. 1054, 38 L. R. A. 161.

The operation of a public dance hall not being a nuisance within itself or at common law, the owner of property using it for such purpose cannot be foreclosed of his right to a judicial determination, as to whether the same is so used, as to render it a nuisance. Crossman v. City of Galveston, supra; Stockwell v. State, supra.

Under the terms of this ordinance, property could be summarily destroyed, although it was not in fact a nuisance. A citizen, by constitutional guaranty, is protected from the destruction of his property under such circumstances. The rule is well stated by Chief Justice Cureton in the Crossman Case, cited above, wherein it was said: "A citizen's property, not a nuisance within itself or under the common law, cannot be destroyed without the judgment of a court finding that it is in fact a nuisance."

Nor do we think the question of nuisance can be determined by an arbitrary standard fixed by legislative enactment. Such determination must depend upon proof of facts constituting it a nuisance under the well-accepted definition of that term as given by the courts.

Under the ordinance in question, mere proof that a public dance hall was located within 150 feet of a private residence was sufficient to authorize the summary destruction of plaintiff in error's property, notwithstanding the operation of such dance hall might be shown to have worked no discomfort or inconvenience to any person residing in the vicinity.

A citizen has a lawful right to use his property for any purpose he may see fit, so long as such use does not operate to substantially injure the rights of others. A denial of the right of a citizen to so use his property is a deprivation of the property itself, hence falls within the protection afforded by the due process clauses of both State and Federal Constitutions.

The insistence is made that plaintiffs in error are not entitled to injunctive relief to prevent criminal prosecutions. Ordinarily, an injunction will not issue to prevent prosecutions under criminal statutes. It is well settled, however, where it is made to appear that the enforcement of a void ordinance will substantially injure the property rights of the claimant, he is entitled to injunctive relief. Dibrell v. City of Coleman (Tex. Civ. App.) 172 S. W. 550; City of Austin v. City Cemetery Ass'n, 87 Tex. 330, 28 S. W. 528, 47 Am. St. Rep. 114; Goar v. City of Rosenberg, 53 Tex. Civ. App. 218, 115 S. W. 653; City of San Antonio v. Salvation Army (Tex. Civ. App.) 127 S. W. 860; Robinson v. City of Galveston, 51 Tex. Civ. App. 292, 111 S. W. 1076; Dobbins v. Los Angeles, 195 U. S. 235, 25 S. Ct. 18, 49 L. Ed. 169; Ex parte Robinson, 30 Tex. App. 493, 17 S. W. 1057.

The city was attempting to deprive plaintiffs in error of a valuable property right by the enforcement of a void ordinance which would involve them in a multiplicity of suits. Under such circumstances they were clearly entitled to invoke the equity powers of the court.

We recommend that the judgments of the trial court and the Court of Civil Appeals be reversed and rendered in favor of plaintiffs in error.

CURETON, C. J. Judgments of the district court and Court of Civil Appeals both reversed, and judgment rendered for plaintiffs in error, as recommended by the Commission of Appeals.