MURPHY v. WRIGHT et al.

No. 13769.

Court of Civil Appeals of Texas. Fort Worth.

Feb. 11, 1938.

Rehearing Denied April 1, 1938.

Brent C. Jackson and R. B. Gambill, both of Denton, for appellant.

E. I. Key, of Denton, for appellees.

SPEER, Justice.

W. M. Murphy filed a petition in the district court of Denton county, Tex., against J. L. Wright, Mayor, E. I. Key, city attorney, and I. E. Jones, city marshal, respectively, of the city of Denton, asking for a temporary injunction restraining said officers from the enforcement of a recently passed ordinance, claimed by plaintiff to be void.

We shall refer to the parties, in this opinion, as they appeared in the trial court.

The plaintiff alleged he is and had been for some time passed, engaged in the restaurant business in the city of Denton, and had leased certain premises and expended not less than $500 in equipping a part of the building for purposes of a dance hall, and was so operating said restaurant and dance hall at the times therein complained of. That on August 4, 1937, said city, acting by and through its council, passed an ordinance, which it is claimed is an unreasonable regulatory one, but is in truth and in fact an ordinance prohibiting the operation of a dance hall within said city. A copy of the ordinance was copied and made a part of the petition, for identification;

omitting the caption and emergency clauses, it reads as follows:

"Section One. It shall hereafter be unlawful for any person, persons, corporation or association of persons, to keep, run or operate a public dance hall within the limits of the City of Denton, Texas, within less than 500 feet from any occupied building, church or school, private residence or place of business.

"Section Two. A public dance hall is herein construed to be any place where the general public is invited to meet or does meet for the purpose of dancing or any public hall or place where the public dances.

"Section Three. That any person, firm, corporation or association of persons violating any of the provisions of this ordinance, shall, on conviction, be punished by a fine of not less than Twenty-Five ($25.00) Dollars nor more than Seventy-Five ($75.00) Dollars, and each and every day any provision of this ordinance is violated shall constitute a separate offense and the offender shall be so punished and in addition thereto the City of Denton, Texas, or any citizen or citizens of the City of Denton, Texas, may apply to a court of proper jurisdiction and have the running or operating of any public dance hall in violation of this ordinance restrained by injunction.

"Section Four. That all ordinances or parts of ordinances in conflict herewith are hereby repealed."

Plaintiff alleged he had been arrested and imprisoned under a charge of violating the provisions of the ordinance, and that defendants had informed him they would arrest and prosecute him every day he ran his dance hall at the place it was then located; that the attempted regulation by the city of Denton of dance halls, under the terms of said ordinance, was unreasonable and was in fact an attempt to prohibit the operation of such places of amusement, under the guise of regulation. That the city of Denton is a small city of about 10,000 population, with residences and business houses constructed in such close proximity to each other that it is impossible to conduct his business in said city without violating the terms of the ordinance. Allegations were made that he was making a profit out of his business, and the enforcement of the ordinance would unlawfully deprive him of the emoluments thus acquired, and would result in a confiscation thereof, along with the equipment used in connection with the business. That the

ordinance was void, because it was in conflict with the Federal and State Constitutions pertaining to due process of law, Const. U.S.Amend. 14; Const. Tex. art. 1, § 19; that it was void and inoperative, because it was in conflict with and contrary to article 286, Vernon's Annotated Penal Code of Texas; that it was void for the further reason it was in conflict with, and contrary to, the provisions of article 7047a—19, Vernon's Texas Civil Statutes; that unless defendants were enjoined from the enforcement of said ordinance against him, he would be subjected to harassment and numerous groundless prosecutions, and a confiscation of his property; that he was without an adequate remedy at law, and prayed for the temporary restraining order, and that upon final hearing it be made permanent.

Citation was issued to defendants, returnable to the November term of court for final hearing on the merits, but a show cause order was made to defendants, returnable on September 4, 1937.

█ The defendants appeared on the latter date and made answer to the effect that said ordinance is not such as to prevent the operation of dance halls in said city, but was one to regulate such a business; that the court was without jurisdiction to enjoin the enforcement of a criminal ordinance; that the city of Denton was chartered and operated under what is commonly known as the Home Rule Act of the Legislature, Vernon's Ann.Civ.St. art. 1165, et seq. under provisions of amendment to the Constitution of Texas, Const. art. 11, § 5, pleading special provisions of the charter of the city authorizing it to define and abate nuisances and regulate the location and control the conduct of theaters and other places of public amusement; that said ordinance was within the powers and duties of said city, under the provisions of its charter and the laws of this state. There was a further allegation in the answer to the effect that the business of plaintiff constituted a nuisance, and sought an abatement thereof; but this being a hearing on the interlocutory order prayed for by plaintiff, the trial court took no cognizance of that part of the answer on this hearing. We think in this the court was correct, and we need take no further notice of that part of the reply.

A hearing was had by the court upon the pleadings and testimony adduced, and the relief sought by plaintiff was denied, from

which order plaintiff has perfected this appeal. Upon motion of plaintiff, we advanced the cause for submission.

Without detailing the testimony, it will suffice to say that each side to the controversy offered sufficient testimony to establish the fact allegations made. We think the ordinance is unreasonable as a regulatory measure, and, under the facts, it is in effect a prohibitory one. If we are correct in these conclusions, the ordinance is void and the interlocutory order should have been made as prayed for.

■ There is no merit in defendants' contention that plaintiff is not entitled to injunctive relief as against criminal prosecutions under a penal statute or ordinance. It is well settled in this state that the equitable powers of the courts will be applied to restrain the enforcement of a void ordinance where it will, by its observance, injure the complainant's property rights. Bielecki et al. v. City of Port Arthur et al., Tex.Com.App., 12 S.W.2d 976; Dibrell v. City of Coleman, Tex.Civ. App., 172 S.W. 550; City of Austin v. Austin City Cemetery Ass'n, 87 Tex. 330, 28 S.W. 528, 47 Am.St.Rep. 114; Goar v. City of Rosenberg, 53 Tex.Civ.App. 218, 115 S.W. 653; City of San Antonio v. Salvation Army, Tex.Civ.App., 127 S.W. 860; Robinson v. City of Galveston, 51 Tex. Civ.App. 292, 111 S.W. 1076; Dobbins v. Los Angeles, 195 U.S. 235, 25 S.Ct. 18, 49 L.Ed. 169; Ex parte Robinson, 30 Tex. App. 493, 17 S.W. 1057.

■ The fact that the city of Denton is one chartered under the home rule amendment to the Constitution and the Enabling Acts by the Legislature thereto, does not authorize it to ignore general statutes enacted by the Legislature on the same subject. The authority vested in cities under this amendment is well stated in 30 Texas Jurisprudence, p. 104, § 49, which reads: "The home rule amendment to the Constitution and the enabling act passed pursuant thereto give to cities coming within their provisions power to adopt or amend their charters subject to such limitations as may be prescribed by the Legislature, a proviso declaring that no charter or any ordinance passed under it shall contain any provision inconsistent with the Constitution or the general laws enacted by the Legislature. The powers of such cities are derived, not from the Legislature, but directly from the people."

■ It is true, as contended by defendants, that power is given by both the statutes and by the city charter to abate nuisances within a city's corporate limits; but that is another question, not at issue here. The abatement of a nuisance, as such, depends, first, upon whether or not the premises under consideration are, in fact, a nuisance; second, if they be not a nuisance per se, as defined by statutes, then facts must be alleged and proven to make them such. The city has no power to arbitrarily declare that to be a nuisance which is not so in fact. Crossman v. City of Galveston, 112 Tex. 303, 247 S.W. 810, 811, 26 A.L.R. 1210; Spann v. City of Dallas, 111 Tex. 350, 235 S.W. 513, 19 A. L.R. 1387. It is argued by the defendants in their brief that under the provisions of article 1175, § 22, Vernon's Texas Annotated Civ.St., wherein it is provided that home rule cities may regulate the location and control the conduct of theaters, moving picture shows, and other places of public amusement, the ordinance in question is authorized. It will be observed, however, that such statute only authorizes a city to regulate such places, and not to prohibit them. We do not agree with defendants' contention on this point.

By the terms of article 7047a—19, Vernon's Texas Ann.Civ.St., such places of amusement as dance halls, night clubs, and the like, are recognized as having a legal right to run, and a tax or license is exacted in some instances for the privilege of their existence. It must follow then that since the Legislature has recognized their lawful right to operate, the city would have no right to supersede such a statute and declare them a nuisance, and abate them by providing a penalty against plaintiff for operating such a place.

■ The Court of Criminal Appeals of this state is the court of last resort with us in all criminal cases, and that court has many times held that where city ordinances are in conflict with state laws, the ordinance must yield. Mantel v. State, 55 Tex.Cr.R. 456, 117 S.W. 855, 131 Am.St.Rep. 818; Sue Lung v. State, Tex.Cr.App., 117 S.W. 857; Ex Parte Jones, 106 Tex.Cr.R. 185, 290 S.W. 177. Many more cases of like kind could be cited.

■ It has also been held in this state that a business authorized or regulated by state law cannot be prohibited by a city ordinance; and that city ordinances which

are in conflict with state laws on the same subject are void. Lamar & Smith v. Stroud, Tex.Civ.App., 5 S.W.2d 824, writ dismissed; Ex Parte Goldburg, 82 Tex.Cr.R. 475, 200 S.W. 386.

The testimony offered upon the hearing in this case is undisputed that there is no place within the city of Denton plaintiff could operate a dance hall and not violate the provisions of the ordinance attacked. As before indicated, we do not think such an ordinance is regulatory, but is as effectively prohibitory in the city of Denton as it would have been had it not contained the provisions against operation "within less than 500 feet from any· occupied building, church or school, private residence or place of business." The provisions of law which authorize a city to regulate the location 'and operation of places of amusement mean regulation and not prohibition. Even such a regulation must be a reasonable one; but if such an attempted regulation amounts to a virtual prohibition against premises licensed by state laws, such ordinances will be held void and unenforceable. Ex Parte Brewer, 68 Tex.Cr.R. 387, 152 S.W. 1068; Ex Parte Pitchios, Tex.Cr.App., 152 S.W. 1074; McLain v. State, 31 Tex.Cr.R. 558, 21 S.W. 365.

In Lombardo v. City of Dallas, 124 Tex. 1, 73 S.W.2d 475, 479, Judge Cureton, speaking for the Supreme Court, said: "Of course, every regulation adopted under the police power must be a reasonable one." Supporting the statement, he cited with approval 30 Tex.Jur. p. 130, § 123, which reads: "The police power authorizes only such measures as are reasonable; to be valid as an exercise of this power, an ordinance must be reasonable in its operation upon the persons whom it affects, and must not be unduly oppressive—that is, it must appear that the means adopted are reasonably necessary and appropriate for the accomplishment of a legitimate object falling within the domain of the police power."

The holdings of our Supreme Court in the case of Bielecki et al. v. City of Port Arthur et al., 12 S.W.2d 976, to our mind, settle the issues in this case in favor of plaintiff's contentions. In that case the city of Port Arthur had passed an ordinance declaring a dance hall, operated within 150 feet of a private residence, to be a nuisance, and provided a penalty for its operation, making each day's operation a separate offense. Plaintiff sought to enjoin its enforcement upon the grounds urged in the instant case. The restraining order was refused and the court's action was upheld by the Court of Civil Appeals, 2 S.W.2d 1001, but the Commission to the Supreme Court reversed both of those courts and rendered judgment for the plaintiff. Almost every phase of the case before us is discussed in the opinion last above cited and held adversely to the city's contention.

It can make no difference as to what the predilections of the members of this court may be as relating to dance halls, such as plaintiff admitted in his testimony he was running; it is a business in which plaintiff chose to engage, and we do not think the city of Denton can prohibit its operation by virtue of an ordinance such as hereinabove set out. The trial court did not consider, nor determine, whether the dance hall, as operated, constituted a nuisance, and it therefore is improper for us to express ourselves on that subject. If the city were to seek to abate the business as a nuisance, alleging facts and making proof thereof, another question would arise, which, as stated, is not now before us.

Believing as we do, that the ordinance is violative of due process provisions of the Federal and State Constitutions, and in conflict with legislative acts on the same subject, and that the ordinance is not a reasonable regulatory measure, but a virtual prohibition of conducting a business recognized and licensed by the laws of this state, we hold the ordinance void and unenforceable.

The judgment of the trial court is therefore reversed, and judgment is here rendered for plaintiff, granting the temporary restraining order, as prayed for; and the trial court is directed to make such entries upon his dockets requiring the issuance of all such writs as will make this order effective. Reversed and rendered.