GONZALEZ et al. v. RODRIGUEZ et al.

No. 12436.

Court of Civil Appeals of Texas.
San Antonio.

May 28, 1952.

Rehearing Denied June 25, 1952.

Gerald Weatherly, Austin, Gordon Gibson, Laredo, for appellants.

Raymond, Algee, Alvarado, Kazen & Woods, Laredo, A. J. Vale, Rio Grande City, L. Hamilton Lowe, Austin, Magus F. Smith, McAllen, for appellees.

**W. O. MURRAY, Chief Justice.**

In Starr County, Texas, on March 29, 1952, an election was held to determine whether or not the Grulla Independent School District and the Rio Grande City Independent School District should be consolidated. The result of the election as shown by the canvass of the returns was in favor of consolidation by a majority of forty-four votes.

On the 2nd day of April, 1952, the defendants below, other than Ernesto Trevino, District Clerk, acting under the provisions of Rule 187, Texas Rules of Civil Procedure, filed with the defendant Ernesto Trevino as District Clerk of Starr County, notice of intention to apply for a commission to take depositions of some 67 named persons, all alleged qualified voters in the Grulla Independent School District, for the purpose of perpetuating their testimony in connection with a proposed contest of the above described election, and on April 3, 1952, caused the District Clerk to issue notice of such intention to take depositions. Defendants below filed their interrogatories and called upon plaintiffs below to file cross-interrogatories within a period of five days.

On April 8, 1952, the plaintiffs below filed a verified petition with the District Clerk of Starr County seeking a temporary injunction against the District Clerk from issuing the commission prayed for by defendants. The petition contained several separate grounds upon which the issuance of the injunction was sought.

On April 7, 1952, the Commissioners' Court of Starr County canvassed the results of the election held on March 29, 1952, and declared the results of said election to be in favor of consolidating the two school districts. Immediately after the result of the election was declared, a contest was filed in the District Court of Starr County contesting the declared result of the election. No answer was filed by defendants denying the allegations of the petition for injunction. The trial judge first entered a temporary restraining order and after notice and a hearing on April 11, 1952, at which all parties were present, granted a temporary injunction ordering the District Clerk of Starr County not to issue the requested commission to take depositions. On the date of this hearing the election contest had been filed in the same court and before the same judge as the application for a temporary injunction was filed. Under such circumstances the application to take depositions and the application for a temporary injunction became in effect consolidated with and a part of the election contest. There was at that time no longer any necessity for the taking of depositions to perpetuate testimony to be used in a contemplated suit, for there was in fact a pending suit. There was no longer any need for a separate suit for an injunction, but the application would now become ancillary to the election contest. In other words, the filing of the election contest had the effect of consolidating the application to take depositions and the petition for injunction with the election contest. The application to take depositions could be treated as though it had been made under Rule 186, T. R. C. P., rather than Rule 187, supra, and the petition for an injunction need no longer be treated as a separate suit.

The first question here presented is whether or not, under the Statutes and Rules of Civil Procedure, a prospective contestant in an election contest may pre-

serve the testimony of witnesses by taking depositions under the provisions of Rule 187, Texas Rules of Civil Procedure. It is quite clear that an election contest is a special "statutory proceeding" and is not an ordinary "civil suit." If an ordinary civil suit was involved there could be no question of the right of appellants herein under proper circumstances to take the deposition of witnesses, provided they comply with Rule 187, Texas Rules of Civil Procedure. The question here is whether or not the provisions of Rule 187, supra, are broad enough to permit the taking of depositions in a prospective election contest.

Rule 2, Texas Rules of Civil Procedure, provides in part as follows:

"These rules shall govern the procedure in the justice, county, district, and appellate courts of the State of Texas in all actions of a civil nature, with such exceptions as may be hereinafter stated."

■■ This is a general provision of the Texas Rules of Civil Procedure and states their application. It will be noted that the rules are not to be applied only to "civil suits" but are to be applied in all "actions of a civil nature," which would include all proceedings of a civil nature and only exclude criminal cases. Therefore, we see no reason why Rule 187, supra, should not be applied to election contests as well as all other proceedings of a civil nature.

This is a question of first instance in this State and we find no Texas authorities in point. It has been held in other jurisdictions that depositions may be taken in a disbarment proceeding under statutes which are apparently very similar to our Rules of Civil Procedure. 10 American Jur., p. 703, § 11; State ex rel. Kehoe v. McRae, 49 Fla. 389, 38 So. 605; State v. Mosher, 128 Iowa 82, 103 N.W. 105. The contention of appellees that Rule 187 has no application to election contests is overruled.

■ However, the question of whether or not the contestants would be permitted to take the deposition of 67 witnesses, to be used in this election contest under the remaining allegations of the petition, was a matter addressed to the discretion of the trial judge. 26 C.J.S., Depositions, § 37, pp. 845, 846; Kinzbach Tool Co. v. Atkinson, Tex.Civ.App., 131 S.W.2d 333.

■ There were allegations in the petition for injunction which would have justified but not compelled the issuing of an injunction on several different grounds, but we are unable to determine on which ground the injunction was granted, because the trial judge did not state in the order granting the injunction the reasons for its issuance, as is required by Rule No. 683, T.R.C.P. He may have granted the injunction upon the first ground stated, and if so he was in error, as above pointed out. Rule 683 provides, among other things, that "Every order granting an injunction * * * shall set forth the reasons for its issuance; * * *." This rule is mandatory. Hodges v. State, Tex.Civ.App., 198 S.W.2d 150; Crouch v. Crouch, Tex.Civ.App., 164 S.W.2d 35; Beene v. Bryant, Tex.Civ.App., 201 S.W.2d 268; Mayflower Industries v. Thor Corporation, 3 Cir., 182 F.2d 800.

■ The failure of the trial judge to state in his order the reasons for granting the injunction is reversible error, unless the record affirmatively shows that no harm resulted therefrom. O'Daniel v. Libal, Tex.Civ.App., 196 S.W.2d 211.

Accordingly, the order of the trial court granting the injunction will be reversed and the injunction proceedings remanded for further consideration of the trial court.