**CITY OF FORT WORTH, Appellant,**

v.

Ben McDONALD, Appellee.

No. 15743.

Court of Civil Appeals of Texas.

Fort Worth.

June 29, 1956.

Rehearing Denied Sept. 14, 1956.

R. E. Rouer, S. G. Johndroe, Jr., Robert R. Goodrich, John Gano, Earl C. Morgan and G. Gordon Whitman, Fort Worth, for appellant.

Wardlaw, Bradley & Cochran, George E. Cochran and Ernest May, Fort Worth, for appellee.

MASSEY, Chief Justice.

From a temporary injunction against the City of Fort Worth enjoining it from enforcing within its corporate limits an ordinance prohibiting the keeping and displaying of "pinball machines" or "marble boards", the City appeals.

Affirmed.

The ordinance (No. 3434) was passed on February 22, 1956. Within five days suit was filed. The petitioner for injunctive and declaratory relief was Ben McDonald, an individual whose occupation is that of operating coin machines, including "pinball machines" and "marble boards". A number of special exceptions were leveled at McDonald's petition, the overruling of which furnishes the basis of eight of the thirteen points of error very capably briefed by the City's attorneys.

In answer to the points of error presented, McDonald's counsel lists three counterpoints, as follows:

"1. Fort Worth City Ordinance No. 3434 is inconsistent with Articles 7047a–2 and 7047a–3, Vernon's Texas Civil Statutes; hence, is denounced by section 5 of Article 11, Constitution of Texas.

"2. McDonald, being in jeopardy of prosecution and property loss under color of the void ordinance, was entitled to have its enforcement enjoined.

"3. There was no procedural error to avoid the injunction."

Since we are of the opinion that the argument of McDonald's attorneys is sound and correct, our discussion will follow the order of the counter-points.

### The First Counter-Point

■ The ordinance defines marble boards as a nuisance per se; makes their ownership, operation, or exhibition a misdemeanor; prescribes a fine up to $200 for each day of violation; and provides for summary seizure by any police officer.

Fort Worth is a Home Rule city. Authority for its charter is section 5, Article 11, Constitution of Texas Vernon's Ann. St. The section has the proviso: "no charter or any ordinance passed under said charter shall contain any provision inconsistent with the Constitution of the State, or of the general laws enacted by the Legislature of this State".

Articles 7047a–2 and 7047a–3, V.A.T.S., levy occupation taxes on owners of " 'skill or pleasure coin-operated machines' ". Article 7047a–2, sub. (e) provides in part: "The following are expressly included within said term: marble machines, marble table machines, marble shooting machines, * * *."

■ From time to time, Texas courts have held that municipalities have no power to prohibit pursuit of occupations regulated by State law. Chronologically cited, the following decisions are in point: Ex parte Powell, 1902, 43 Tex.Cr.R. 391, 66 S.W. 298; Ex parte Ogden, 1902, 43 Tex.Cr.R. 531, 66 S.W. 1100; Ex parte Goldburg, 1918, 82 Tex.Cr.R. 475, 200 S.W. 386; Bielecki v. City of Port Arthur, Tex.Com.App., 1929, 12 S.W.2d 976; Murphy v. Wright, Tex.Civ.App. Fort Worth, 1938, 115 S.W.2d 448; Berry v. City of Fort Worth, 1939, 132 Tex. 599, 124 S.W.2d 842. All except the last involved conflict of the municipal ordinance with a revenue statute, as does this case.

■ It was upon "fact" findings by the Fort Worth City Council that pinball machines encourage idleness, loafing, vagrancy and gambling that the City Council based the ordinance. It was upon semi-analogous fact findings that this Court sustained ordinance No. 1937 in the Berry case. The Supreme Court reversed, holding provisions of the ordinance void as in conflict with general law.

It is no better argument that the City has power by charter and statute to define and prevent a nuisance. It is axiomatic that no legislative body may "by an arbitrary standard, declare that to be a nuisance which is not so in fact." Bielecki v. City of Port Arthur, supra [12 S.W.2d 978]. In Murphy v. Wright, supra [115 S.W.2d 451], this Court held that a city "would have no right to supersede" a revenue statute by declaration that a licensed business is, there, a nuisance.

None of the cases cited for the City as distinctive mitigate the general rule. Cannon v. City of Dallas, Tex.Civ.App.El Paso, 1953, 263 S.W.2d 288, 292, was decided upon authority of V.A.T.S. Article 1068, § 6, delegating to city councils the "power 'to regulate or prevent and prohibit the use of fireworks * * *.' " No general statute allows the Fort Worth City Council to "prevent or prohibit" marble boards.

Xydias Amusement Co. v. City of Houston, Tex.Civ.App.Galveston, 1916, 185 S.W. 415, error refused, and Town of Ascarate v. Villalobos, 1949, 148 Tex. 254, 223 S.W.2d 945, involved ordinances of regulation only, not of prohibition. In Ex parte Goldburg, supra, the Court of Criminal Appeals noticed the distinction.

■ No municipal ordinance was questioned in Adams v. Antonio, Tex.Civ.App. Waco, 1935, 88 S.W.2d 503, 506, error refused, where the Court of Civil Appeals simply applied the pertinent proviso of the occupation tax statute: " 'Nothing herein shall be construed to * * * legalize any * * * machine * * * now illegal' ". McDonald concedes that if his marble boards were gaming devices, he could not enjoin the officers of the State against enforcement of the Penal Code. But even in such a case, the officers would have to

proceed under the Code, not under color of ordinance No. 3434. The City Council had no power to make a daily misdemeanor of what the State Legislature has declared to be a continuing felony. Ex parte Goldburg, supra. If ordinance No. 3434 was intended to be a law against gambling devices, it is void as in conflict with Chapter 6, Title 11, Penal Code, Vernon's Ann.Pen. Code, art. 615 et seq.

■ In Brown Cracker & Candy Co. v. City of Dallas, 1911, 104 Tex. 290, 137 S.W. 342, 343, our Supreme Court applied the converse of the rule that controls this case. The City Commission of Dallas defined boundaries of a licensed and regulated red-light district. By the Penal Code, bawdy-houses are outlawed. Wrote Chief Justice Brown for the Supreme Court: "The antagonism between the ordinance and the law is as emphatic as that between life and death." The antagonism between Fort Worth ordinance No. 3434 and Articles 7047a–2 and 7047a–3 of the Civil Statutes is also emphatic. Reverting to direct quotation of the Chief Justice: "The law of the state * * * must prevail, * * * the ordinance * * * is void".

■ The City's citation of the pool hall statute, V.A.T.S. Article 4668, is not in point. It is true that the Supreme Court of Pennsylvania held in Commonwealth v. Klucher, 1937, 326 Pa. 587, 193 A. 28, 29, that an occupation tax levy on operation of certain amusement devices, including " 'any game * * * played with the use of balls and pins or other objects' " affected operators of "pinball machines"; but that is a long way from holding that marble boards are pool halls. The Texas Legislature would hardly have licensed marble boards by Articles 7047a–2 and 7047a–3 if these are the pool halls the State authorities were authorized by Article 4668 to suppress. The "in pari materia" rule of statutory construction, if none other, forbids application of the pool hall statute to licensed marble boards.

## The Second Counter-Point
### (that McDonald showed a right to his injunction)

McDonald alleged the ordinance and imminence of its enforcement against him. He described and located his marble boards; alleged that they were legal, tax-paid machines, not gaming devices; that the ordinance was inconsistent with State law; and that its enforcement would cause him irreparable injury for which he would have no adequate remedy at law.

It was shown by the evidence that the ordinance had been duly published, and that the Chief of Police had directed immediate enforcement; that McDonald had seven machines at particular locations in Fort Worth which produced him revenue of $100 per week; that he had paid the taxes on fourteen such machines; that none of the machines in operation was equipped with any device to allow a payoff of even free games; and that McDonald knew of no collateral gambling in connection with operation of the machines.

■ "It is a generally accepted rule that injunctive relief may be granted to prevent the enforcement of an unconstitutional statute when its enforcement will result in irreparable injury to property rights." State v. Ferguson, 1939, 133 Tex. 60, 125 S.W.2d 272, 277.

■ Enforcement of void municipal ordinances has been enjoined often. Brown Cracker & Candy Co. v. City of Dallas, supra; Crossman v. City of Galveston, 1923, 112 Tex. 303, 247 S.W. 810, 26 A.L.R. 1210; Bielecki v. City of Port Arthur, supra, and the cases cited near the end of the opinion; Murphy v. Wright, supra.

■ The City disputes that McDonald proved threat of irreparable injury or defect of adequate remedy at law. If his marble boards had been seized by the City police, he would have lost $100 per week per machine revenue. Who would have

responded in damages for the loss of income? If he had been convicted of seven or more—or fewer—misdemeanors, there was no "adequate remedy" in his right to appeal (each conviction) and to test by such appeal(s) the validity of the ordinance.

"An unconstitutional statute is no statute at all * * *." State v. Ferguson, supra. The Commission of Appeals in Bielecki v. City of Port Arthur and this Court in Murphy v. Wright enjoined criminal prosecution under a void ordinance.

■ The City questions the quantum of McDonald's proof that his marble boards are not gambling devices. They would burden him to prove "that bets are not made by and between the players of the machines * * * that the proprietors of the establishments in which his machines are located do not make payments or awards to players * * * who should achieve a high score."

McDonald was not required to prove more than that his marble boards were not gambling devices per se. The burden was on the City to prove them so in fact. Crossman v. City of Galveston, supra; see also Hightower v. State, Tex.Civ.App. Dallas, 1941, 156 S.W.2d 327, error refused.

■ The point is made by the City that at the time of trial the Comptroller had issued no license to McDonald for the current year. That was not McDonald's fault. It is reasonably clear that he paid his taxes on these machines, with seven others, before passage of ordinance No. 3434. Besides, if these marble boards are "nuisances" under Article 7047a–5, or if they are, indeed, "pool halls" or gaming devices, there is no injunction against their seizure. The injunction order was specific: "This order is applicable only to proceedings by the City of Fort Worth or its officers taken under color of or in the enforcement of Ordinance No. 3434 of the City of Fort Worth, and is in no way intended to, nor does it apply to actions taken by the City of Fort Worth or its police officers against the plaintiff or any of its marble boards in the enforcement of any other valid ordinance or state law."

### The Third Counter-Point
### (that there was no procedural error)

■ As stated heretofore, eight of the City's "points" are attacks upon McDonald's pleading and reception or sufficiency of evidence to support the pleading. These have been covered by the preceding analysis to the contrary of the City's contentions; hence, will not be further noticed. But the City's "Point Five" is unique and sui generis. The City invokes T.R.C.P. 683 as applied by the Austin Court of Civil Appeals in Hodges v. State, Tex.Civ.App. Austin, 1946, 198 S.W.2d 150, and by the San Antonio Court of Civil Appeals in Gonzalez v. Rodriguez, Tex.Civ.App. San Antonio, 1952, 250 S.W.2d 253, for argument of irregularity in the trial judge's reference to the petition for the "reasons" he entered the order enjoining enforcement of the ordinance.

The order recited "that Ordinance No. 3434 of the City of Fort Worth is void and that a temporary injunction is warranted for reasons stated in the petition." The "reasons stated in the petition" were the imminence of irreparable injury and multiplicity of criminal prosecution. Both were good reasons. This was not a case such as Hodges v. State, supra [198 S.W.2d 151], where not only was no reason assigned for the writ, but the evidence "was insufficient to warrant the issuance of said injunction"; or as Gonzalez v. Rodriguez, supra [250 S.W.2d 255], where the Court was "unable to determine on which ground the injunction was granted".

T.R.C.P. 683 does not forbid reference to the petition in the statement of reasons for an injunction; the prohibition of the rule is against such reference for definition of the acts enjoined. The injunction order is in literal accord to the rule. The "unless" clause of the opinion in Gonzalez v. Rodriguez would protect the order of the

court below, for "the record affirmatively shows that no harm resulted" by reference to the petition for the grounds of injunction. In Hodges v. State, supra, it was also recognized that the rule of "harmless error" would obviate any reason for reversal in a proper case.

The judgment is affirmed.