ALPHA ENTERPRISES, INC., Appellant,

v.

The CITY OF HOUSTON et al., Appellees.

No. 15016.

Court of Civil Appeals of Texas.

Houston.

Jan. 26, 1967.

Rehearing Denied Feb. 16, 1967.

Charles A. Easterling and Presley E. Werlein, Jr., Houston, for appellant.

Wm. A. Olson, City Atty., Homer T. Bouldin, Trial Supervisor, and Joseph G. Rollins, Senior Asst. City Atty., Houston, for appellees.

COLEMAN, Justice.

By this suit appellant seeks to prevent appellees from enforcing that portion of the Fireworks Ordinance of the City of Houston, Texas, declaring "the presence of any fireworks within the jurisdiction of the City in violation of this Article is hereby declared to be a common and public nuisance. The Fire Marshal is directed and required to seize and cause to be safely destroyed any fireworks found within the jurisdiction in violation of this Article. * * *"

At a trial to the court without a jury, judgment was rendered denying the relief prayed for. No findings of fact or conclusions of law were requested and none were filed other than as reflected in the judgment.

The judgment recites that "the Court * * * is of the opinion that the City Council of the City of Houston, Texas, acted in good faith in enacting or passing the subject Ordinance Number 8941, and the said City Council did not act fraudulently, arbitrarily, unreasonably or capriciously in enacting or passing said Ordinance Number 8941, and that said subject Ordinance Number 8941, which prohibits the storage of fireworks in the City of Houston, Texas, is constitutional and valid, and that Plaintiff is not entitled to any injunctive relief herein, * * *."

Ordinance Number 8941 was not introduced into evidence. Only Sec. 15–66 of Art. IV. of the Code of Ordinances of the City of Houston is found in the statement of facts. As recited it declares the presence of fireworks within the City "in violation of this Article" to be a public nuisance and directs certain officials to seize and destroy fireworks found within the City "in violation of this Article."

There is testimony that Ordinance 8941 was enacted by the City Council in 1953 and appellees state in their brief that Ordinance 8941 prohibits the storage of fireworks within the City. Appellant pled that the ordinance prohibited the storage of fireworks within the City. Since the case was tried on the theory that the storage of fireworks within the City was prohibited without exception, and since all parties have briefed the case on that basis, we accept as true the statements that the storage of all types of fireworks is absolutely forbidden by the terms of the Ordinance.

The question, then, is whether the City is authorized to declare that the presence of fireworks of any kind and in any quantity and for any length of time constitutes a nuisance wherever they may be located within the City because the storage of fireworks within the City has been made unlawful by Ordinance.

The City of Houston is a home rule city authorized by its charter to exercise all powers that have been or hereafter may be granted to municipalities by the Constitution or laws of Texas. Art. 1068(7), Vernon's Ann.Civ.St., provides that the City Council shall have power to *prohibit the keeping of buildings* for the storing of gunpowder and other combustible, explosive or dangerous materials within the City. Section 6 of the same Article authorizes the City to prohibit the use of fireworks. Section 19, Article 1175, V.A.C.S., provides that each city shall have the power to define all nuisances and prohibit the same within the city and outside the city limits for a distance of 5,000 feet.

The ordinance under attack here was held valid in Treadgill v. State, 160 Tex.Cr.R. 658, 275 S.W.2d 658, 1954, where the Court said:

"It appears that it is now definitely settled by the courts of this and other jurisdictions that fireworks constitute such danger to the public health and safety as to constitute them a nuisance, and the sale thereof may be prohibited by municipalities in the exercise of their police power. [citing authorities]

"* * *.

"The conclusion is expressed that the legislature was authorized to confer upon the City of Houston the right to prohibit the maintenance of the nuisance beyond the city limits as a necessary attribute of the power, in the first instance, to prohibit nuisances dangerous to the public health and safety of the city."

In Stoughton v. City of Fort Worth, 277 S.W.2d 150, Tex.Civ.App., Fort Worth 1955, n. w. h., the court upheld an ordinance of the City of Fort Worth declaring the presence of any fireworks within the jurisdiction of the City of Fort Worth in violation of the ordinance a nuisance. The Court said:

"Although it is only in clear cases that courts are warranted in going behind the findings of a legislative body that a certain thing is a nuisance and determining the contrary, nevertheless, a city cannot by

ordinance make that a nuisance which is not one in fact. Crossman v. City of Galveston, 112 Tex. 303, 247 S.W. 810; Spann v. City of Dallas, 111 Tex. 350, 235 S.W. 513; Stockwell v. State, 110 Tex. 550, 221 S.W. 932, 12 A.L.R. 1116; Murphy v. Wright, Tex.Civ.App., 115 S.W.2d 448; 20 R.C.L., p. 389, sec. 12. The controlling question, therefore, seems to be whether the transporting, storing, selling, and hauling of fireworks within 5,000 feet of appellee's city limits constitute a public nuisance per se.

" * * *.

"Without doubting the power of a court to strike down a city council's definition of a nuisance when the act or condition so denounced does not tend to be injurious to public good, we may not do so when the act or condition sought to be prevented is almost if not quite universally held to be inherently dangerous and to constitute a hazard to property and 'a menace to the life, limb and health'."

In Cannon v. City of Dallas, 263 S.W.2d 288, Tex.Civ.App., El Paso 1953, n. w. h., the Court upheld the validity of an ordinance prohibiting the possession, storage, transportation or use of fireworks of all kinds. The Court stated that it is common knowledge that the use of fireworks in crowded areas is dangerous to both life and property and upheld the trial court's finding of fact that fireworks and firecrackers are inherently dangerous to life, limb, and property.

In Ex Parte Clark, 139 Tex.Cr.R. 385, 140 S.W.2d 854, 1940, the Court upheld the validity of an ordinance of the City of Dallas, Texas, prohibiting the sale, offering for sale, or possession for the purpose of sale, of any combustible fireworks of any kind in said city as a legitimate exercise of the police power bearing a reasonable relation to the protection of the peace, lives, health and property of its inhabitants, and in particular protection from fire hazards.

Appellant points to the well established rule of law that neither a municipality nor the state may by legislation make that a nuisance which is not in fact a nuisance. Crossman v. City of Galveston, 112 Tex. 303, 247 S.W. 810 (1923); Stockwell v. State, 110 Tex. 550, 221 S.W. 932 (1920).

In Trueheart v. Parker, 257 S.W. 640, Tex.Civ.App., San Antonio 1923, n. w. h., opinion by Chief Justice Fly, the Court said:

"A hall used for dancing is not a nuisance per se; yet, if accompanied with drunkenness, swearing, loud and boisterous language, or disorderly conduct, it may become a nuisance. Unless a dance hall is condemned by law, whether it is or is not a nuisance is a question of fact to be tried as any other fact by a jury. * * *

"A nuisance, broadly stated, is anything that works an injury, harm, or prejudice to an individual or the public. According to definitions formulated from numerous decisions, a nuisance will embrace everything that endangers life or health, offends the human senses, transgresses laws of decency, or obstructs, impairs, or destroys the reasonable, peaceful, and comfortable use of property. * * * Acts which are denounced as illegal by law, when the perpetration of them invade the rights of others will be nuisances per se, but other acts in their nature may not be nuisances but may become by their location, situation, surroundings, or the method in which the acts are given utterance, or the manner in which a business or performance is conducted. A thing which is at all times and under any set of circumstances a violation of the rights of others is a nuisance per se. In other cases certain facts might create a nuisance, but about which honest differences might exist. 20 R.C.L. §§ 1 to 6, inclusive."

In sustaining the Ordinance of the City of Fort Worth declaring the presence of fireworks within the City a nuisance and declaring unlawful the using, storing, manufacturing, or transporting of fireworks of any description, Trueheart v. Parker, supra, was quoted with approval by the Ft. Worth Court of Civil Appeals in Stoughton v. City

of Fort Worth, supra, and Parker v. City of Fort Worth, 281 S.W.2d 721 (1955).

In City of Fort Worth v. Atlas Enterprises, 311 S.W.2d 922, Tex.Civ.App., Fort Worth 1958, ref., n. r. e., the same Court held that the transport of fireworks in interstate or intrastate commerce was not a nuisance in that there was no evidence that the prohibition of such activity would preserve the health, safety, comfort or welfare of any citizen of the City and upon the additional grounds that the part of the ordinance in question conflicted with certain general laws of the State of Texas and with the Commerce Clause of the United States Constitution, Art. 1, § 8, Cl. 3. In its opinion the Court said:

"There is no question about the authority to enact the ordinance falling within the police power. In so far as the ordinance operates as a legitimate exercise of the police power it is to be upheld. Such an ordinance can, ordinarily, absolutely prohibit a use which is a nuisance, for that is a legitimate object of the City's jurisdiction in such respect. However, if it is not in fact a nuisance it cannot be effectively declared to be one by ordinance (see authorities cited in the case of Parker v. City of Fort Worth, supra) and the City's authority in respect to it is limited to that of reasonable regulation to the extent of the requirements of necessity, for it cannot be prohibited.

"Upon the matter of the power of a municipal corporation to declare and define nuisances, it is noticed in McQuillin, Municipal Corporation, 3rd Ed., sec. 24.84, that classification of the subject matter may be made as follows: First, those which in their nature are nuisances per se, or are so denounced by the common law or by statute; second, those which in their nature are not nuisances but may become so by reason of their locality, surroundings, or the manner in which they may be conducted, managed, etc.; third, those which in their nature may be nuisances, but as to which there may be honest differences of opinion in impartial minds. Governing bodies of municipal corporations are entitled to denounce conclusively articles and acts falling within the first and third classifications, but as to those falling within the second classification the prevailing judicial view is that the power possessed is only to declare such of them to be nuisances as are in fact so.

" * * *.

"A business authorized or regulated by state statute cannot be prohibited by city ordinance, and ordinances which are in conflict therewith on the same subject are necessarily void. Murphy v. Wright, Tex. Civ.App., Fort Worth 1938, 115 S.W.2d 448. * * *"

In each of these cases the City of Fort Worth was seeking to enforce its ordinance by injunction. The Court of Civil Appeals held, in the Atlas case, that the portion of the ordinance declaring the presence of fireworks within the city a nuisance was void and ineffective. The court deciding Atlas held that "fireworks in their nature (and irrespective of quantity) are not nuisances but may become so by reason of their locality, surroundings, or the manner in which they may be handled or manipulated," and, therefore, the question of nuisance should be determined by applying McQuillin's second classification. We are inclined to the view that there may be an honest difference of opinion in impartial minds as to whether or not all fireworks by nature are nuisances.

▮ In this case appellant seeks to enjoin the City and certain of its officials from summarily seizing and destroying fireworks which it stores within the City. By the ordinance in question the Fire Marshal is required to seize and destroy and fireworks found in the City in violation of this article. The storage of fireworks within the City constitutes a violation of the article. The cases previously discussed demonstrate that the City was acting within the power granted by the

Constitution and laws of the State in prohibiting the storage of fireworks within the City. Treadgill v. State, supra. The City, therefore, was also acting within its powers in denominating the presence of fireworks within the City in violation of the Ordinance a nuisance and providing for its summary abatement. Skipper-Bivens Oil Co. v. State, 115 S.W.2d 1016, Tex.Civ.App., Austin 1938, writ ref.; Sportatorium, Inc. v. State, 104 S.W.2d 912, Tex.Civ.App., Dallas 1937, writ dism.; State ex rel. Shook v. All Texas Racing Ass'n, 128 Tex. 384, 97 S.W.2d 669, Tex.Sup. 1936; Jenkins v. City of Waxahachie, 392 S.W.2d 482, Tex.Civ.App., Waco 1965, ref., n. r. e.

Appellant has pointed out that the cases upholding the validity of ordinances prohibiting the storage and sale of fireworks were decided prior to the enactment of Art. 1725, Vernon's Ann. P.C., which prohibits the sale or use of all fireworks within the State of Texas except 1CC Class C Common Fireworks. By this Act manufacturers, distributors, jobbers, and retailers of permissible fireworks were licensed, and the sale, possession, and methods of storage of such fireworks were regulated.

Appellant asserts that since he is licensed as a fireworks distributor and stores his fireworks at a place which meets the requirements and specifications recommended by the State Fire Marshal, the State of Texas has determined that his business is a lawful one so that the ordinance in question conflicts with a general State law and is, therefore, ineffective.

■ "* * * no ordinance of a city operating under a home rule charter can contain any provision inconsistent with our Constitution, or the general laws of this State." Berry v. City of Fort Worth, 132 Tex. 599, 124 S.W.2d 842 (1939).

In City of Fort Worth v. McDonald, 293 S.W.2d 256, Tex.Civ.App., Fort Worth 1956, ref., n. r. e., the Court upheld a temporary injunction preventing the enforcement of a city ordinance declaring pinball machines or marble boards nuisances per se and their ownership, operation or exhibition a misdemeanor on the ground that such an ordinance was inconsistent with a statute levying occupation taxes on owners of skill or pleasure coin-operated machines, including marble machines. The Court said:

"From time to time, Texas courts have held that municipalities have no power to prohibit pursuit of occupations regulated by State law. Chronologically cited, the following decisions are in point: Ex parte Powell, 1902, 43 Tex.Cr.R. 391, 66 S.W. 298; Ex parte Ogden, 1902, 43 Tex.Cr.R. 531, 66 S.W. 1100; Ex parte Goldburg, 1918, 82 Tex.Cr.R. 475, 200 S.W. 386; Bielecki v. City of Port Arthur, Tex.Com. App., 1929, 12 S.W.2d 976; Murphy v. Wright, Tex.Civ.App., Fort Worth, 1938, 115 S.W.2d 448; Berry v. City of Fort Worth, 1939, 132 Tex. 599, 124 S.W.2d 842. All except the last involved conflict of the municipal ordinance with a revenue statute, as does this case."

Art. 1725, V.A.P.C., is clearly a regulatory as well as a licensing Act and the ordinance of the City of Houston would clearly be inconsistent therewith except for the provisions of Sec. 14 thereof reading:

"Be it further enacted, that any Acts, laws or parts of laws in conflict herewith are hereby repealed to the extent of the conflict. However, this Act shall not repeal or affect any town, city or municipal ordinance which prohibits the sale and use of fireworks within the town, city or municipal boundaries which is in effect before the effective date of this Act, or that may be enacted after the effective date of this Act. Provided, however, that nothing herein shall be construed to limit or restrict the powers of cities, towns or villages as defined and delegated by Title 28, Revised Civil Statutes of Texas, to enact ordinances prohibiting or imposing further regulations on fireworks; and

provided, however, that any ordinance or ordinances heretofore enacted by any city under the authority of the above mentioned Title shall remain in full force and effect until thereafter amended by such city."

The provision that this Act should not be construed to limit or restrict the power of cities granted by Title 28, R. C.S., to enact ordinances prohibiting fireworks and preserving ordinances previously enacted by any city under the authority of Title 28, R.C.S., prevents the application of the rule of Berry v. Fort Worth, and City of Fort Worth v. McDonald, supra, to the ordinance in question.

The judgment of the trial court is affirmed.

WERLEIN, J., not sitting.