

# THE ATTORNEY GENERAL
# OF TEXAS

August 23, 1989

**JIM MATTOX**
**ATTORNEY GENERAL**

Honorable Rene Guerra      Opinion No. JM-1087
Criminal District Attorney
Hidalgo County Courthouse   Re:  Whether the common law doc-
Edinburg, Texas  78539      trine of incompatibility may  be
                            overcome by a charter provision
                            of a home rule city which speci-
                            fically permits such dual office
                            holding (RQ-1675)

Dear Mr. Guerra:

     You have requested  our opinion  as to  whether a  home
rule city may overcome the common law doctrine of incompat-
ibility by means of a provision in its city charter.

     The charter of  the City  of Alamo, a  home rule  city,
provides in pertinent part in article II, section 5:

          [T]he Mayor, with  the approval  of at  least
          two (2) of  the four  (4) Commissioners,  may
          serve as City Manager at a salary that is set
          and approved by at least two (2) of the  four
          (4) Commissioners; provided that if he/she is
          serving as City Manager,  he or she will  not
          receive compensation for services as Mayor.

Article IV, section 1, of the charter provides in  pertinent
part:

          The City Manager shall be responsible to  the
          Board  of  Commissioners  for  the  efficient
          administration of the affairs of the City  of
          Alamo and shall hold  office at the  pleasure
          of the  Board  of  Commissioners.   The  City
          Manager  may  be   removed  from  office   by
          majority vote of all the members of the Board
          of Commissioners.  The action of the Board of
          Commissioners suspending or removing the City
          Manager shall be final.

Thus, as you  indicate, the  charter  specifically makes  the
city manager accountable to  the board of commissioners,  of
which the mayor is a member.  On the other hand, the charter
also specifically permits "the  mayor, with the approval  of

p. 5688

at least two of the four commissioners," to "serve as" city manager.

Absent the language of the city charter provision, it is abundantly clear that a single individual may not serve simultaneously in two positions in which one is accountable to the other. Letter Opinion 89-57 (1989); Letter Advisory No. 114 (1975). This conclusion is based upon the long-standing common law doctrine of incompatibility. See Thomas v. Abernathy County Line Indep. School Dist., 290 S.W. 152 (Tex. Comm'n App. 1927, judgmt adopted). The question here is whether a city charter provision may overcome this common-law rule.

Under the home rule amendment to the Texas Constitution, article XI, section 5, a home rule city has all those powers which are not inconsistent with the constitution or general laws of the state. Alpha Enterprises v. City of Houston, 411 S.W.2d 417 (Tex. Civ. App.), cert. denied, 389 U.S. 1005 (1967). A home rule city need not look to the legislature for a particular grant of power. Rather, it need concern itself only with limitations imposed on its power. Lower Colorado River Auth. v. City of San Marcos, 523 S.W.2d 641, 643 (Tex. 1975). Furthermore, any limitation thereon must appear with unmistakable clarity. Id. at 645.

The only such "limitation" which might restrict the city's authority in this instance is section 5.001 of the Civil Practices & Remedies Code, which provides:

> The rule of decision in this state consists of those portions of the common law of England that are not inconsistent with the constitution or the laws of this state, the constitution of this state, and the laws of this state.

In our opinion, this provision is not really a "limitation." It does not indicate a legislative intent to make common law incompatibility the absolute law in this state, but only in the absence of other authority to the contrary. In this instance, we believe that a city charter provision which is not contrary to a specific state law, or which does not purport to act in a field which has been fully occupied by the legislature, is itself sufficient to overcome the common law.

In Dallas Ry. & Terminal Co. v. Bankston, 33 S.W.2d 500 (Tex. Civ. App. - Dallas 1930), rev'd on other grounds, 51 S.W.2d 304 (Tex. Comm'n App. 1932), holding approved, several ordinances required that a streetcar operator, inter

alia, keep a "vigilant watch" and that he be prepared to stop in the shortest time and space possible upon any appearance of danger. The ordinances were somewhat broader than the standard of care required by common law. Nevertheless, the court, citing City of Dallas v. Gill, 199 S.W. 1144 (Tex. Civ. App. - Dallas 1917, writ ref'd), held that if an ordinance is passed under constitutional and statutory authority, it repeals the common law in all respects in which inconsistencies exist. Dallas Ry., supra, at 502; see Woolridge v. Folsom, 564 S.W.2d 471 (Tex. Civ. App. - Dallas 1978, no writ). But see Genusa v. City of Houston, 10 S.W.2d 772 (Tex. Civ. App. - Galveston 1928, no writ) (city ordinance imposing liability on owner of a rental automobile void because it contravenes common law, questioned by Supreme Court in City of Corpus Christi v. Texas Driverless Co., 190 S.W.2d 484 (Tex. 1945)).

Likewise, in the situation you pose, the Alamo city charter has specifically provided for the contingency that a single individual may serve simultaneously as both mayor and city manager. The conditions necessary for the holding of both positions are detailed in the charter, as well as provisions for the mayor's removal as city manager. In this instance, we believe that the charter is sufficient to overcome the common law doctrine of incompatibility. As a result, there is no impediment to the mayor of Alamo holding the position of city manager under the circumstances provided in the charter.

## S U M M A R Y

Under the terms of the charter of the City of Alamo, the mayor may, in certain circumstances, simultaneously serve as city manager. The common law doctrine of incompatibility does not prevail over the charter provision.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

*JUDGE ZOLLIE STEAKLEY*
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Rick Gilpin
Assistant Attorney General