Honorable Rene Guerra Criminal District Attorney Hidalgo County Courthouse Edinburg, Texas 78539
Re: Whether the common law doctrine of incompatibility may be overcome by a charter provision of a home rule city which specifically permits such dual office holding (RQ-1675)
Dear Mr. Guerra:
You have requested our opinion as to whether a home rule city may overcome the common law doctrine of incompatibility by means of a provision in its city charter.
The charter of the City of Alamo, a home rule city, provides in pertinent part in article II, section 5:
 [T]he Mayor, with the approval of at least two (2) of the four (4) Commissioners, may serve as City Manager at a salary that is set and approved by at least two (2) of the four (4) Commissioners; provided that if he/she is serving as City Manager, he or she will not receive compensation for services as Mayor.
Article IV, section 1, of the charter provides in pertinent part:
 The City Manager shall be responsible to the Board of Commissioners for the efficient administration of the affairs of the City of Alamo and shall hold office at the pleasure of the Board of Commissioners. The City Manager may be removed from office by majority vote of all the members of the Board of Commissioners. The action of the Board of Commissioners suspending or removing the City Manager shall be final.
Thus, as you indicate, the charter specifically makes the city manager accountable to the board of commissioners, of which the mayor is a member. On the other hand, the charter also specifically permits "the mayor, with the approval of at least two of the four commissioners," to "serve as" city manager.
Absent the language of the city charter provision, it is abundantly clear that a single individual may not serve simultaneously in two positions in which one is accountable to the other. Letter Opinion 89-57 (1989); Letter Advisory No. 114 (1975). This conclusion is based upon the long-standing common law doctrine of incompatibility. See Thomas v. Abernathy County Line Indep. School Dist., 290 S.W. 152 (Tex.Comm'n App. 1927, judgmt adopted). The question here is whether a city charter provision may overcome this common-law rule.
Under the home rule amendment to the Texas Constitution, article XI, section 5, a home rule city has all those powers which are not inconsistent with the constitution or general laws of the state. Alpha Enterprises v. City of Houston, 411 S.W.2d 417
(Tex.Civ.App.), cert. denied, 389 U.S. 1005 (1967). A home rule city need not look to the legislature for a particular grant of power. Rather, it need concern itself only with limitations imposed on its power. Lower Colorado River Auth. v. City of San Marcos, 523 S.W.2d 641, 643 (Tex. 1975). Furthermore, any limitation thereon must appear with unmistakable clarity. Id. at 645.
The only such "limitation" which might restrict the city's authority in this instance is section 5.001 of the Civil Practices Remedies Code, which provides:
 The rule of decision in this state consists of those portions of the common law of England that are not inconsistent with the constitution or the laws of this state, the constitution of this state, and the laws of this state.
In our opinion, this provision is not really a "limitation." It does not indicate a legislative intent to make common law incompatibility the absolute law in this state, but only in the absence of other authority to the contrary. In this instance, we believe that a city charter provision which is not contrary to a specific state law, or which does not purport to act in a field which has been fully occupied by the legislature, is itself sufficient to overcome the common law.
In Dallas Ry. Terminal Co. v. Bankston, 33 S.W.2d 500
(Tex.Civ.App.-Dallas 1930), rev'd on other grounds, 51 S.W.2d 304
(Tex.Comm'n App. 1932), holding approved, several ordinances required that a streetcar operator, inter alia, keep a "vigilant watch" and that he be prepared to stop in the shortest time and space possible upon any appearance of danger. The ordinances were somewhat broader than the standard of care required by common law. Nevertheless, the court, citing City of Dallas v. Gill,199 S.W. 1144 (Tex.Civ.App.-Dallas 1917, writ ref'd), held that if an ordinance is passed under constitutional and statutory authority, it repeals the common law in all respects in which inconsistencies exist. Dallas Ry., supra, at 502; see Woolridge v. Folsom, 564 S.W.2d 471 (Tex.Civ.App.-Dallas 1978, no writ). But see Genusa v. City of Houston, 10 S.W.2d 772
(Tex.Civ.App.-Galveston 1928, no writ) (city ordinance imposing liability on owner of a rental automobile void because it contravenes common law, questioned by Supreme Court in City of Corpus Christi v. Texas Driverless Co., 190 S.W.2d 484 (Tex. 1945)).
Likewise, in the situation you pose, the Alamo city charter has specifically provided for the contingency that a single individual may serve simultaneously as both mayor and city manager. The conditions necessary for the holding of both positions are detailed in the charter, as well as provisions for the mayor's removal as city manager. In this instance, we believe that the charter is sufficient to overcome the common law doctrine of incompatibility. As a result, there is no impediment to the mayor of Alamo holding the position of city manager under the circumstances provided in the charter.
 SUMMARY
Under the terms of the charter of the City of Alamo, the mayor may, in certain circumstances, simultaneously serve as city manager. The common law doctrine of incompatibility does not prevail over the charter provision.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Mary Keller First Assistant Attorney General
 Lou McCreary Executive Assistant Attorney General
 Judge Zollie Steakley Special Assistant Attorney General
 Rick Gilpin Chairman, Opinion Committee
 Prepared by Rick Gilpin Assistant Attorney General