Warwick H. JENKINS et ux., Appellants,

v.

CITY OF WAXAHACHIE, Appellee.

No. 4374.

Court of Civil Appeals of Texas.

Waco.

June 24, 1965.

Rehearing Denied July 15, 1965.

Warwick H. Jenkins, Waxahachie, for appellants.

Griffith & Lumpkins, Waxahachie, for appellee.

McDONALD, Chief Justice.

This is an appeal from an order holding a city ordinance constitutional, and denying plaintiff Jenkins' application for a temporary injunction.

Plaintiffs' dog was picked up by an employee of the City of Waxahachie and impounded for one day, and released to plaintiff only after payment of a fee of $2.00 ($1 impounding fee and $1 for each day of impoundment). Plaintiff brought this suit to enjoin enforcement of the "Dog" Ordinance of the City of Waxahachie, and sought temporary injunction against its enforcement pending final hearing. Plaintiffs contends the ordinance is unconstitutional under both the United States and Texas Constitutions. The trial court, after hearing without a jury, held the ordinance valid and constitutional and denied the temporary injunction sought. Plaintiffs appeal, contending the trial court's refusal to grant the temporary injunction is an abuse of discretion, and that the ordinance complained of is unconstitutional.

The City of Waxahachie is a Home Rule City. On August 27, 1964 the City adopted an ordinance regulating the keeping of dogs within the city. Among other things the ordinance provides for annual rabies inoculations, annual licensing by the city, and annual issuance and continuous wearing of dog tags for all dogs over 6 months old. The foregoing provisions of the ordinance are not under attack. Sections I(c), V, XI, XII, XIII, XIV, XV and XVI [1] of the

I. "Ic. At Large shall, for the purposes of this Ordinance, mean any dog when it is off the property of its owner, and not under the immediate control of a competent person.

"V. Running at Large Prohibited: No person owning, possessing or harboring any dog shall permit such dog to run at large at any time. The Chief of Police or any authorized representative may pick up, impound, destroy or otherwise dispose of any dog so found running at large within the Corporate Limits in accordance with the terms hereof.

"XI. Pound: The City Sanitarian or his authorized representative shall provide and operate a pound in which shall be impounded all unlicensed dogs and dogs that may be found running at large contrary to the provisions of this Ordinance.

"XII. Registry of Impounded Dogs: The City Sanitarian or his designated representative shall, upon receiving any dog, make a complete registry, entering the breed, color and sex of such dogs, and the time of taking into custody, and if licensed he shall enter the name and address of the owner and the number of the license tag.

"XIII. Disposal of Impounded Dogs: Any dog not redeemed within 72 hours after the impounding shall be disposed of by sale or destruction.

"XIV. Redemption of Impounded Dogs: The owner of any dog impounded may redeem such dog at any time prior to sale or destruction by the payment of $1 impounding fee and $1 per day for

ordinance are under attack, and provide that dogs found running at large within the city may be picked up, impounded, destroyed, or otherwise disposed of in accordance with the terms of the ordinance. The ordinance provides for the summary sale or destruction of any dog impounded that is not redeemed within 72 hours.

Plaintiff contends that a dog is property, and because the ordinance is silent as to notice and judicial determination of violation, that it is violative of the United States Constitution (Amendments V and XIV) and the Texas Constitution (Art. 1, Secs. 17, 19, and 29, Vernon's Ann.St.), which provide that no person shall be deprived of life, liberty or property without due process of law and just compensation.

The City's Home Rule Charter authorizes enactment of "all reasonable ordinances * * * not repugnant to the Constitution and Laws of the United States or of this State * * *"; and Article 1015 Vernon's Ann.Civ.Tex.St. provides that a City Council shall have power to prohibit the running at large of dogs and authorize destruction when at large contrary to ordinance (Sec. 15).

■■■ Consistent with due process, a state, or municipal corporation under its delegated power in such respect, may make provision for the summary destruction of dogs which are kept or running at large in violation of law, and such regulations, no matter how stringent in character or how summary the proceedings, are entirely within legislative power and are free from constitutional objection, notwith-

standing the property of the owner is destroyed without notice or hearing in the execution of the law. 25 Am.Jur.2d 272.

Moreover, the overwhelming majority of courts view statutes and ordinances providing for summary disposal or destruction of dogs as valid exercises of the police power; and though dogs are property, such ordinances or statutes are not a denial of due process, even though they do not provide for notice and hearing. 56 A.L.R. 2d 1026.

We think the complained of provisions of the Ordinance valid exercises of the police power, and Constitutional.

Plaintiffs' point and contentions thereunder are overruled.

Affirmed.

each day or part of a day such dog shall have been impounded.
* * *

"XV. Sale of Unredeemed Dogs: At any time after the expiration of the redemption period, the City Sanitarian or his authorized representative *may without further notice, sell at private sale or public auction, for cash, any dog not redeemed or reclaimed.*

"XVI. Redemption After Sale: The owner of any dog impounded

may, within 30 days after such dog is sold, redeem the same from such purchaser by paying the purchaser the amount of the purchase price paid by him, and in addition thereto * * * the sum of $10 from date of sale to date of redemption. Upon expiration of 30 days from the date the dog is sold the right to redeem shall expire."