LEE, Justice,
for the Court:
Markley H. Trusty, John Dexter Brown and Clinton R. Mooney filed a bill of complaint in the Chancery Court of the Second Judicial District of Yalobusha County, seeking to enjoin enforcement of a dog leash ordinance enacted by the City of Water Valley. The chancellor overruled a demurrer of the City and granted it an interlocutory appeal.
I.
Did the bill of complaint charge sufficient material facts upon which injunctive relief could be granted?
The bill set forth that (1) the dog ordinance, which was made exhibit to it, was unconstitutional and violated the rights of complainants, (2) the City had attempted to *472 prosecute the complainants for violation of the ordinance, and (3) unless the Mayor and Board were enjoined from enforcing the ordinance, irreparable harm and injury would result to the complainants. Appel-lees did not charge which part of the ordinance was being violated, or facts which constituted irreparable harm and injury.
Crocker v. Farmers & Merchants Bank of Bruce, 293 So.2d 438 (Miss.1974), restated the requirements for pleading in a bill for injunctive relief as follows:
“The injunction was also erroneously issued because the bill of complaint did not charge sufficient material facts to justify issuance of the injunction. In essence the bill simply charged that the complainants had no adequate remedy at law, and that they would suffer irreparable damages unless the injunction was issued. The averment in this regard amounted to what is more clearly a legal conclusion that an averment of facts. Such averments were insufficient for failure to allege all the material facts from which the chancellor could obviously discern upon what precise grounds or bases irreparable harm would result. V. Griffith, Mississippi Chancery Practice section 446 (2d ed. 1950).” 293 So.2d at 442.
The bill of complaint did not sufficiently charge material facts upon which injunctive relief could be granted, and the demurrer should have been sustained.
II.
Did the ordinance violate appel-lees’ constitutional rights, thus rendering it invalid?
Appellees- principally contend that the ordinance is unconstitutional because of Sections 6, 7, 8 and 9, which deal with dogs running at large, the registration and vaccination of dogs, notice of impounding and reclaiming dogs, and disposition of unclaimed dogs. They argue that Mississippi Code Annotated § 21-19-9 [See Appendix] does not authorize a municipality to impound dogs which have been vaccinated and registered, and that destruction of a dog after five days’ posted notice [Sections 8 and 9 of ordinance] is equivalent to taking private property without due process of law.
This Court held in Julienne v. City of Jackson, 69 Miss. 34, 10 So. 43 (1891):
“It is held with great unanimity by the courts that regulations of the most stringent character, and the most summary proceedings for the destruction of these animals kept contrary to such regulations, are entirely within legislative power, and free from constitutional objection, though the property of the owner is destroyed without notice or hearing, in the execution of the law.” 69 Miss, at 37-38, 10 So. at 43.
Jenkins v. City of Waxahachie, 392 S.W.2d 482 (Tex.C.A.1965), involved an ordinance similar to the one here. In holding that the ordinance was constitutional, the Texas Court said:
“Moreover, the overwhelming majority of courts view statutes and ordinances providing for summary disposal or destruction of dogs as valid exercises of the police power; and though dogs are property, such ordinances or statutes are not a denial of due process, even though they do not provide for notice and hearing. 56 A.L.R.2d 1026.” 392 S.W.2d at 484.
See also Thiele v. City and County of Denver, 135 Colo. 442, 312 P.2d 786 (1957) and cases cited at Annot. 56 A.L.R.2d 1026 (1957).
Mississippi Code Annotated § 21-19-9 (1972) authorizes municipalities to regulate the running at large of animals of all kinds. The ordinance here was enacted pursuant to that authority, it meets the constitutional requirements, and the demurrer should have been sustained on that question. Therefore, the case is reversed and remanded.
REVERSED AND REMANDED.
GILLESPIE, C. J., PATTERSON and IN-ZER, P. JJ., and SMITH, ROBERTSON, SUGG, WALKER and BROOM, JJ., concur.
Appendix to follow.
*473 APPENDIX
“The governing authorities of municipalities shall have the power to prevent or regulate the running at large of animals of all kinds, and to cause such as may be running at large to be impounded and sold to discharge the costs and penalties provided for the violation of such regulations and the expense of impounding and keeping and selling the same; to regulate and provide for the taxing of owners and harborers of dogs, and to destroy dogs running at large, unless such dogs have proper identification indicating that said dogs have been vaccinated for rabies; and to provide for the erection of all needful pens, pounds, and buildings for the use of the municipality, within or without the municipal limits, and to appoint and confirm keepers thereof, and to establish and enforce rules governing the same.” Miss.Code Ann. § 21-19-9 (1972).