CITY OF ADDISON, Texas, Appellant,

v.

DALLAS INDEPENDENT SCHOOL
DISTRICT, Appellee.

and

ZONING BOARD OF ADJUSTMENT,
CITY OF ADDISON, Texas,
Appellant,

v.

DALLAS INDEPENDENT SCHOOL
DISTRICT, Appellee.

No. 20965, 20944.

Court of Appeals of Texas,
Dallas.

Feb. 25, 1982.

Rehearing Denied March 25, 1982.

H. Louis Nichols, Saner, Jack, Sallinger & Nichols, Dallas, for appellant.

Donald C. Templin, Haynes & Boone, Dallas, for appellee.

Before CARVER, STOREY and ALLEN, JJ.

STOREY, Justice.

The City of Addison and the Zoning Board of Adjustment of that city appeal

from adverse decisions in separate actions brought by the Dallas Independent School District. Because the resolution of the two cases requires the consideration of identical issues, we have consolidated them for the purposes of appeal. The cases involve a dispute over the application of zoning and nuisance ordinances of a municipality to activities of a school district. We hold the ordinances inapplicable to the particular school district activity in issue, and consequently affirm.

The school district, following public hearings conducted by its trustees, decided to establish a bus compound facility on a portion of the parking lot of a school-district-owned facility known as Loos Stadium. The Loos Stadium property is located entirely within the city of Addison, and has been owned by the school district since the early 1960's. The property is located within an area zoned residential by Addison, and the property houses a football stadium, a fieldhouse, a baseball stadium, a natatorium, and about 2400 parking spaces on a paved lot. The proposed bus parking facility would accommodate about sixty school buses, and would take up a few of the existing parking spaces as well as requiring the construction of more spaces and a refueling and repair terminal, including fuel storage tanks.

The proposed use violates the Addison zoning ordinance, as was held by the Zoning Board of Adjustment. The school district brought these actions against the city of Addison and the Zoning Board of Adjustment, seeking declaratory relief and an injunction against enforcement of the zoning ordinance against the school district. During the course of litigation, Addison passed a nuisance ordinance also applicable to the proposed use, and the school district joined issue on that ordinance as well. Further, Addison refused to issue a building permit, because the proposed use violated both the nuisance and zoning ordinances. The school

district, therefore, also sought an injunction requiring Addison to issue a building permit upon compliance with Addison's building codes and regulations. At trial, the school district was successful and the court granted full relief. Addison complains essentially on three grounds: that the city's zoning ordinance applies to the school district, that the nuisance ordinance applies as well, and that the school district failed to demonstrate its right to equitable relief.

The resolution of the first question, the application of the zoning ordinance, depends upon our interpretation of *Austin Independent School District v. City of Sunset Valley*, 502 S.W.2d 670 (Tex.1973). In that case, the supreme court considered the application of city zoning ordinances to the legitimate school functions of legislatively created school districts. The court held that school district authority predominates over the zoning power of a municipality, absent a claim of unreasonable exercise of power or of nuisance, but that school boards remain subject to the building codes and regulations of the municipality in which they function. Nevertheless, Addison would distinguish *Sunset Valley* on the basis of language found within that case. The court stated the issue to be, "whether . . . the City may utilize its zoning powers to wholly exclude from within its boundaries school facilities reasonably located." 502 S.W.2d at 672. Addison contends that the City has not wholly excluded the school district from constructing facilities entirely within its boundaries, but has merely excluded them from areas zoned residential and relegated them to commercially zoned districts available within the City of Addison. Despite this language, it is apparent that *Sunset Valley*, both the case itself and the authorities it relies on, prohibits the exclusion of school facilities from areas zoned residential, and hence that school district authority is paramount.

The zoning authority of a municipality is subservient to the reasonable exercise of school district authority.[1] The reason is

---

1. Here, the jury found that the school district's selection of the Loos Field location was not

unreasonable.

a simple one. The legislature has granted particular powers to each of these governmental bodies. In order to carry out the purposes for which they were created, the reasonable exercise of those powers must not conflict. The supreme court has determined that the school district's authority to locate school facilities overrides the police power of municipalities to zone them out in order that the legislative purpose in delegating this authority to the school district might not be frustrated. We cannot agree with Addison's interpretation of *Sunset Valley.* We read *Sunset Valley* to hold that a school district may place any school facility within an area zoned residential, unless the school district action is unreasonable or a nuisance, because the school district authority is paramount.

Addison's second major contention involves the applicability of the City of Addison's nuisance ordinance. Ordinance no. 609, passed during the pendency of this action, would declare the overnight parking of buses and trucks with capacity greater than three-quarters of a ton in an area zoned residential to be a nuisance. The ordinance states that children would be attracted to the vehicles, that the vehicles contain large amounts of gasoline, and that they create an apprehension of danger in the community. *Sunset Valley* contemplates the possibility that a school district might place a facility in a residential district unreasonably or that such placement might constitute a nuisance. This language does not mean, however, that municipalities can declare that to be a nuisance which is not in fact a nuisance. *See, e.g., City of Texarkana v. Reagan,* 112 Tex. 317, 247 S.W. 816 (1923). The jury found that the parking of buses overnight at the Loos Stadium site would not be a nuisance. Accordingly, Addison complains that the issue wrongly placed upon it the burden of proving nuisance, thereby ignoring the legal effect of Ordinance no. 609. Our question, therefore, is whether the ordinance applies to the school district. If so, then the court erred in failing to give the correct charge. If not, then the jury's answer to the general nuisance issue forecloses Addison's complaint.

The actions of the school district in providing for the education and transportation of students is mandated by the legislature. *Sunset Valley, supra,* at 675; Texas Education Code §§ 16.201–16.212 (Vernon Supp. 1980–81); *id.,* § 23.31 (Vernon 1972). That the school district is authorized to provide for centralized bus parking facilities pursuant to the explicit commands of the legislature to provide for education and transportation of students was conclusively established in *Sunset Valley.* The authorized acts of the school district cannot be nuisances per se, nor may they be declared to be nuisances by Addison. The rationale is similar to that supporting the rule that municipalities may not prohibit occupations regulated by state law. *Alpha Enterprises v. City of Houston,* 411 S.W.2d 417 (Tex.Civ. App.—Houston 1967, writ ref'd n. r. e.), and cases cited therein at 421. The acts of the government are not nuisances per se. Only when nuisance is established by evidence that the governmental function is conducted in an unreasonable manner will it be actionable. *See Atkinson v. City of Dallas,* 353 S.W.2d 275, 278 (Tex.Civ.App.—Dallas 1961, writ ref'd n. r. e.).

Nevertheless, Addison contends that this situation lies within the area it may permissibly regulate: that it is the kind of activity it has been given the authority to declare a nuisance pursuant to Tex.Rev.Civ. Stat.Ann. art. 1175 § 19 (Vernon Supp. 1980–81). A municipality may declare that to be a nuisance which is a nuisance per se or at common law, or those things which may constitute a nuisance but as to which there may be honest differences of opinion in impartial minds. *Alpha Enterprises v. City of Houston, supra.* The category of nuisances not subject to ordinance, despite art. 1175 § 19, but rather require a judicial determination, are nuisances per accidens— activities not by nature nuisances, but which may become so by reason of locality, surroundings, or the manner in which they may be conducted, managed, etc. *Alpha Enterprises v. City of Houston, supra; see also City of Texarkana v. Reagan, supra; see generally* 6 E. McQuillin, The Law of Municipal Corporations § 24.84 (3rd ed.

1980). Addison thus contends that this situation fits within the category of those things that may be nuisances, but that impartial minds might differ. We cannot agree.

■ We hold that activity legitimately within governmental authority, as is the activity of the school district in this case, may not be a nuisance per se, or be subject to a difference of opinion as to whether the activity is by its nature a nuisance, although a fact question may exist as to whether the manner of its exercise is reasonable. *See Atkinson v. City of Dallas, supra,* at 278; *Alpha Enterprises v. City of Houston, supra,* at 421. As was stated in Joyce, The Law of Nuisances § 69 (1906):

> [W]here an act is made lawful by legislative sanction, annoyances in connection therewith must be borne by the individual subject to this qualification that the act must be done without negligence or unnecessary disturbance, by the one doing it, of the rights of others.

Accordingly, Ordinance No. 609 could not have been exercised by Addison to bar the authorized activity of the school district. The sole inquiry regarding nuisance the court was authorized to make was whether this activity, not by its nature a nuisance, became so by reason of its locality, surroundings, or in the manner it was conducted, managed, etc. The court did not err in submitting such a nuisance issue, and the jury's answer to that issue forecloses further inquiry.

■ Addison further complains that the school district has not established its right to equitable relief, citing *City of Richardson v. Kaplan,* 438 S.W.2d 366 (Tex.1969), and other cases, for the proposition that, "a court of equity has no jurisdiction to enjoin the enforcement of a penal ordinance or statute in the absence of proof that such enforcement would result in irreparable injury to vested property rights." We cannot agree for two reasons. The first is that the legislature has granted power in this instance to the school district, and the exercise of that power would unquestionably be frustrated were the school district forced to defend its actions in violation of the munici-

pality's ordinances in the criminal courts of this state. The second is that the school district owns this property, and, in the absence of valid regulation, may use it in whatever manner is reasonable in the exercise of its legislatively delegated function. An invalid restriction on the use of property is an impairment of the owner's vested rights for which the owner may seek redress in a court of equity. *Young v. City of Seagoville,* 421 S.W.2d 485 (Tex.Civ.App.—Dallas 1967, no writ); *see Cabell's, Inc. v. City of Nacogdoches,* 288 S.W.2d 154 (Tex. Civ.App.—Beaumont 1956, writ ref'd n. r. e.).

Addison also complains that there was no evidence and insufficient evidence to support a jury finding that Addison acted in bad faith in enacting the nuisance ordinance discussed above. We do not address this point, because the motivation of the city in passing the ordinance is irrelevant to the relief sought and granted by the trial court. We merely hold that the court properly granted an injunction to prevent the enforcement of the particular nuisance and zoning ordinances here discussed against the school district, and to issue a building permit upon compliance with the applicable building codes.

Affirmed.