

# The Attorney General of Texas

July 5, 1984

**JIM MATTOX**
**Attorney General**

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
aso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Fred M. Barker
Parker County Attorney
County Courthouse
Weatherford, Texas    76086

Opinion No. JM-180

Re:  Whether an auxiliary county courthouse is subject to city zoning ordinances

Dear Mr. Barker:

You ask whether Parker County's use of a tract of land for an auxiliary courthouse within the city limits of the county seat is subject to the city's zoning ordinances and building codes.  We conclude that the county's use of land for an auxiliary courthouse is subject to the municipality's zoning ordinances only to the extent that such ordinances do not prevent the county from reasonably locating its auxiliary courthouse within the municipal limits of the county seat.  Additionally, we conclude that the county must comply with the municipality's building and fire codes.

Texas courts have yet to determine the scope of a municipality's zoning power over county property located within municipal limits.  We recently held that buildings, structures, and land controlled by federal or state agencies are exempt from municipal zoning.  Attorney General Opinion JM-117 (1983).  However, a political subdivision's property is not state property for purposes of resolving conflicts with another political subdivision.  Port Arthur Independent School District v. City of Groves, 376 S.W.2d 330, 333 (Tex. 1964); Attorney General Opinion MW-503 (1982).

A municipal zoning ordinance which conflicts with or is inconsistent with state legislation is invalid.  City of Brookside Village v. Comeau, 633 S.W.2d 790, 796 (Tex. 1982).  However, state legislation in a particular field does not automatically preempt that field from municipal regulation; local regulation ancillary to and in harmony with the purpose of the state legislation is acceptable.  Id.  Thus, whether a municipality may exercise zoning power over a county's auxiliary courthouse located within the municipality depends upon reconciliation of two different, potentially conflicting legislatively created powers.

The commissioners court of a county has the authority to provide auxiliary courthouses in the county seat.  V.T.C.S. art. 1605a-5,

§1(a)(1); V.T.C.S. art. 2370b, §1.  Subsection 1(a)(1) of article 1605a-5 specifically authorizes the commissioners court to provide auxiliary courthouses

> in any part of the city, town, or village designated as the county seat, including a part of the municipality added to the municipality after it became the county seat, but not including a part of the municipality that is outside the county.  (Emphasis added).

However, the legislative history does not indicate that "in any part" was intended to address a conflict with city zoning ordinances; rather, it was intended to indicate that the county is not limited to the "town center."

Additionally, counties have the right of eminent domain

> for the purpose of condemning and acquiring land, right of way or easement in land, private or public . . . where said land, right of way or easement is necessary in the construction of . . . courthouses . . . .

V.T.C.S. art. 3264a.  Article 6702-1, section 4.302, grants counties the right of eminent domain for road construction and maintenance purposes within the boundaries of municipalities and expressly requires the prior consent of the municipality.  No similar statutory requirement for a municipality's consent applies to county condemnations pursuant to article 3264a.  Cf. City of Tyler v. Smith County, 246 S.W.2d 601 (Tex. 1952); El Paso County v. City of El Paso, 357 S.W.2d 783 (Tex. Civ. App. - El Paso 1962, no writ) (resolution of conflict over condemnation by one political subdivision of property belonging to an equally empowered subdivision ultimately rests on the paramount use and best interests of the public).

Zoning regulation is a recognized tool of community planning which allows a municipality, in its legislative discretion, to restrict the use of property for the protection of the general health, safety, and welfare of the public.  City of Brookside Village v. Comeau, supra; see V.T.C.S. arts. 1011a through 1011j (the zoning enabling act of Texas which authorizes building and zoning regulation by municipalities).  Because a municipal zoning ordinance which conflicts with or is inconsistent with state legislation cannot stand, City of Brookside Village v. Comeau, supra, an ordinance which defeats the legislative authorization to counties to establish courthouses is invalid.

Texas courts dealing with conflicts between municipalities and school districts employ this reasoning to hold that municipalities cannot use their zoning powers totally to exclude the reasonable location of school facilities within municipal boundaries. Austin Independent School District v. City of Sunset Valley, 502 S.W.2d 670 (Tex. 1973); Port Arthur Independent School District v. City of Groves, 376 S.W.2d 330 (Tex. 1964); City of Addison v. Dallas Independent School District, 632 S.W.2d 771 (Tex. Civ. App. - Dallas 1982, writ ref'd n.r.e.). Allowing such an exclusion would defeat the school district's power of eminent domain. Austin Independent School District v. City of Sunset Valley, supra; City of Addison v. Dallas Independent School District, supra. Nor can the zoning ordinances of municipalities override the eminent domain powers granted by the legislature to other types of entities. See Gulf, C. & S.F. Ry. Co. v. White, 281 S.W.2d 441 (Tex. Civ. App. - Dallas 1955, writ ref'd n.r.e.); Fort Worth & D.C. Ry. Co. v. Ammons, 215 S.W.2d 407 (Tex. Civ. App. - Amarillo 1948, writ ref'd n.r.e.).

As a practical matter, a political subdivision's "immunity" from municipal zoning is limited by a rule of reasonableness. For example, despite language in the Sunset Valley case that school districts are absolutely immune from a city's zoning power, the supreme court emphasized that its holding was

> not that the School District can act with impunity . . . . 'This immunity is absolute unless the City in a given instance can show that its exercise is unreasonable or arbitrary.'

502 S.W.2d at 674 (quoting with approval from City of Newark v. University of Delaware, 304 A.2d 347, 349 (Del. Ch. 1973)); see City of Addison v. Dallas Independent School District, 632 S.W.2d at 772-773.

Similarly, in Porter v. Southwestern Public Service Co., 489 S.W.2d 361 (Tex. Civ. App. - Amarillo 1972, writ ref'd n.r.e.), the court held that, absent a sustained challenge, a city did not usurp the eminent domain power of a public utility by requiring it to meet certain standards under city zoning ordinances. Therefore, we conclude that Parker County's use of land for an auxiliary courthouse is subject to the city's zoning ordinances only to the extent that such ordinances do not prevent the county from reasonably locating its auxiliary courthouse within the municipal limits of the county seat.

However, the county must comply with city regulations regarding the construction of its auxiliary courthouse. Texas courts distinguish between municipal control over the location of buildings of another political subdivision and control over the construction of such buildings. See, e.g., Sunset Valley, supra, at 673. The supreme

court in Port Arthur Independent School District v. City of Groves, supra, held that a school district must comply with the city's building regulations. The legislature, by authorizing the school district to locate a school facility within a municipality, did not preempt the city's police power to enforce necessary health and safety regulations. Port Arthur Independent School District v. City of Groves, supra, at 334. In Attorney General Opinion MW-508 (1982), this office extended this rationale to counties and determined that county buildings within municipalities are subject to municipal fire codes. See also Attorney General Opinion WW-218 (1957).

Although particular "police power" regulations which, in effect, prevent the location of another political subdivision's facilities may be invalid, see, e.g., City of Addison v. Dallas Independent School District, supra, the county's authority to locate buildings in a municipality does not abrogate municipal authority to protect the public health, safety, and welfare. See City of Fargo, Cass County v. Harwood Township, 256 N.W.2d 694 (N.D. 1977); Lincoln County v. Johnson, 257 N.W.2d 453 (S.D. 1977); Wilkinsburg-Penn Joint Water Authority v. Borough of Churchill, 417 Pa. 93, 207 A.2d 905 (1965); Pal-Mar Water Management District v. Martin County, 377 So.2d 752 (Fla. Dist. Ct. App. 1979).

## S U M M A R Y

Parker County's use of land for an auxiliary courthouse within the municipal limits of the county seat is subject to the municipality's zoning ordinances only to the extent that such ordinances do not prevent the county from locating its auxiliary courthouse within the municipality. The county must comply with municipal regulations regarding the construction of its auxiliary courthouse.

Very truly yours

J I M   M A T T O X
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Colin Carl
Susan Garrison
Jim Moellinger
Nancy Sutton