

# The Attorney General of Texas

July 10, 1986

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

01 Texas, Suite 700
,uston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Mark W. Stiles
Chairman
State Affairs Committee
Texas House of Representatives
P. O. Box 2910
Austin, Texas 78769

Opinion No. JM-514

Re: Whether a city may require a school district to apply for a special building use permit in order to convert a school facility to an administrative facility

Dear Representative Stiles:

You inform us that the Beaumont Independent School District has operated an elementary school in a residential area of the city of Beaumont. In June, 1985, however, the board of trustees voted to convert that facility to a central administrative office building for the school district. In order to obtain the requisite building permits for the conversion, the city required that the school district comply with city zoning ordinances requiring it to make application for a specific use permit.

Although the school board complied with all city fire and building codes, it objected to the city's requirements on the ground that the city has no authority to require the school district to follow the specific use application process. The city has, in fact, granted the required permit, but asserts that it has the authority to require the school district to comply with the permit procedures and conditions. In that regard you ask whether a municipality may require a school district to comply with city zoning ordinances requiring the school district to apply for a specific use permit in order to convert a school facility to an administrative facility.

The issue as presented is governed by the principles of Port Arthur Independent School District v. City of Groves, 376 S.W.2d 330 (Tex. 1964), and Austin Independent School District v. City of Sunset Valley, 502 S.W.2d 670 (Tex. 1973); see also Attorney General Opinion JM-180 (1984). In Groves, supra, the issue was whether a school district had to comply with the city's building regulations in constructing a school facility on school property located within the boundaries of a home rule city. The school district in Groves contended that the city could not exercise its police power against the school district because a school district is an independent political subdivision of the state. State property is exempt from

municipal zoning. Attorney General Opinion JM-117 (1983). The Texas Supreme Court rejected the school district's contention because a school district's property should not be classified as state property. 376 S.W.2d at 333. The court held that school buildings of an independent school district are subject to reasonable ordinances of the city. 376 S.W.2d at 334. The Texas Supreme Court in Sunset Valley considered whether the city could, through its zoning regulations, wholly prohibit the location of school facilities within its boundaries. 502 S.W.2d at 671. The court emphasized that the reasonableness of the school district's action was not before it. 502 S.W.2d at 672. Relying on well-established principles of zoning law, the court held that the city could not totally exclude schools from areas zoned residential. Id. In both Groves and Sunset Valley, the proposed buildings were school facilities, not administrative offices. School facilities traditionally receive special treatment in zoning law. See 502 S.W.2d at 672.

At issue here is the transformation of a school facility into an administrative office building. The court of appeals in City of Addison v. Dallas Independent School District, 632 S.W.2d 771 (Tex. Civ. App. - Dallas 1982, writ ref'd n.r.e.), held that a city cannot declare a legitimate school district action to be a nuisance per se and thereby prohibit the action. At issue was the school district's use of its property for a bus-parking facility. The court left open the possibility that the activity could become a nuisance by reason of its locality, surroundings, or manner of operation. 632 S.W.2d at 774. In essence, the court held that the city could not totally foreclose this use of the property simply by declaring the use to be a nuisance per se. Although the case is not directly applicable because it turned on nuisance law rather than on zoning law, we believe that, when it is read with Groves and Sunset Valley, it stands for the proposition that the city cannot exclude the school district's administrative offices.

As indicated, however, the city has not totally excluded the school district's administrative facility. The city has, in fact, granted the specific use permit. The city's permit procedure and conditions are designed to provide a reasonable means to assure that the health, safety, property and welfare of the people affected by the proposed land use are protected. The Texas Supreme Court's decision in Groves makes it clear that a school district's facilities are subject to reasonable city ordinances. 376 S.W.2d at 334. As the court stated: "To hold otherwise would be to leave a hiatus in regulation necessary to the health and safety of the community." Id. Accordingly, so long as a city's specific use permit procedures and conditions do not attempt to totally exclude a school district's facilities and are reasonably related to the protection of the health, safety, and welfare of the community, the school district must comply with those procedures and conditions.

### S U M M A R Y

The Beaumont Independent School District must comply with reasonable city of Beaumont's zoning ordinances in order to convert a classroom facility to an administrative facility. The city may not, however, use its zoning powers unreasonably to prohibit the conversion.

Very truly yours

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tony Guillory and
Jennifer Riggs
Assistant Attorneys General