Hanley, Jr. v. State 

















IN THE
TENTH COURT OF APPEALS
 

No. 10-94-167-CR

     DENIS HANLEY, JR.,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the County Court at Law
McLennan County, Texas
Trial Court # 933085CR1
                                                                                                    

MEMORANDUM OPINION
                                                                                                    

      Appellant was charged by indictment with the offense of assault. He sought review by writ
of habeas corpus of his claim of double jeopardy. He has appealed the trial court's order denying
the writ.
      Appellant has filed a personally signed request, approved by his attorney, to withdraw his
notice of appeal and to dismiss the appeal. No decision of this Court having been delivered prior
to the receipt of Appellant's request, his request to withdraw the appeal is granted, and the appeal
is dismissed.
                                                                               PER CURIAM

Before Chief Justice Thomas,
      Justice Cummings, and
      Justice Vance
Dismissed
Opinion delivered and filed June 8, 1994
Do not publish 



 into the residence. Padgett and the property’s owner, Michael Dunn, sued
the City of Madisonville for nuisance, nuisance-per-se, and inverse condemnation. The City
filed a de facto plea to the jurisdiction based on governmental immunity, which the trial court
granted.
      Padgett and Dunn contend in two issues that the trial court erred in granting the City’s
plea to the jurisdiction, or, in the alternative, prematurely granted the plea. We reverse in
part, affirm in part, and remand to the trial court for further proceedings.
Inverse Condemnation and Nuisance Claims
      What actually caused the backup in the sewage line, whether the City knew of the
problems, whether it intentionally or negligently failed to correct the cause of the backup, and
whether the condition rose to the level of a nuisance or an unconstitutional taking are not
known. Based on the current state of the law in this district, we hold that the trial court erred
in granting the City’s plea to the jurisdiction regarding the inverse condemnation and nuisance
claims. See Cozby v. City of Waco, 110 S.W.3d 32 (Tex. App.—Waco 2002, no pet.); Bible
Baptist Church v. City of Cleburne, 848 S.W.2d 826 (Tex. App.—Waco 1993, writ denied).
We recognize that an inverse condemnation case on these issues, which could modify our
analysis, is currently pending review by the Texas Supreme Court. See Sabine River Authority
of Texas v. Hughes, 92 S.W.3d 640 (Tex. App.—Beaumont 2002, pet. granted). But on the
precedent currently binding on this court, Padgett and Dunn’s first issue is sustained, in part.
Nuisance-per-se
      Padgett and Dunn also allege a nuisance-per-se cause of action against the City based on
section 341.011 of the Health and Safety Code. That section provides that “[e]ach of the
following is a public health nuisance: (5) sewage, human excreta, wastewater, garbage, or
other organic wastes deposited, stored, discharged, or exposed in such a way as to be a
potential instrument or medium in disease transmission to a person or between persons. . . .” 
Tex. Health & Safety Code Ann. § 341.011 (5) (Vernon 2001).
      While we agree that the sewage was discharged in such a way as to violate the statute, we
disagree that the City can be held liable for a nuisance per se based upon a violation of the
statute alone. “The acts of the government are not nuisances per se.” City of Addison v.
Dallas Indep. Sch. Dist., 632 S.W.2d 771, 773 (Tex. App.—Dallas 1982, writ ref’d n.r.e.). 
Further, the parties point out no language in the statute, nor did we find any, that indicates a
“clear and unambiguous” waiver of immunity in the statute. See Gen. Servs. Commn. v.
Little-Tex Insulation Co., Inc., 39 S.W.3d 591, 594 (Tex. 2001). Padgett and Dunn alleged
facts in their petition that affirmatively negate the existence of jurisdiction with regard to their
nuisance-per-se claim against the City. See County of Cameron v. Brown, 80 S.W.3d 549, 555
(Tex. 2002); Cozby, 110 S.W.3d at 36. Thus, the trial court did not err in granting the City’s
plea to the jurisdiction on that claim. Issue one is overruled, in part.
      Because of our disposition of issue one, we need not consider issue two. 
Conclusion
       The trial court erred in granting the plea to the jurisdiction regarding Padgett’s and
Dunn’s inverse condemnation and nuisance claims; therefore, we reverse that part of the trial
court’s judgment and remand for further proceedings. The trial court did not err in granting
the plea to the jurisdiction regarding the nuisance-per-se claim; therefore, we affirm that part
of the trial court’s judgment.

                                                                               TOM GRAY
                                                                   Chief Justice

Before Chief Justice Gray,
          Justice Vance, and
          Justice Reyna



(Justice Vance concurring)
Affirmed in part, reversed and remanded in part
Opinion delivered and filed February 11, 2004
[CV06]